UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN SUCHINSKI                          :        Civ. Action No.:
                                         :        3:02CV2283 (SRU)
VS.                                      :
                                         :
CITY OF BRISTOL, ET. AL.                 :        MARCH 17, 2004

## PARTIES' JOINT STATUS REPORT

Pursuant to the Order of the Court, dated February 26, 2004, the parties submit herewith

their joint status report.

## A.    OVERVIEW OF THE CASE

1.     The plaintiff claims that the defendants discriminated against him on the basis of

his age by removing him from his position as a narcotics detective with the Bristol

Police Department and reassigning him within the detective bureau.  The plaintiff

alleges violations of state and federal anti-discrimination statutes.  The plaintiff

further claims that such removal from the position of narcotics detective was done

in violation of his constitutionally protected rights of free speech and free

association stemming from his outspoken activities as a union advocate.  The

plaintiff also claims that his removal from the narcotics position violated the

covenant of good faith and fair dealing implied in the collective bargaining

agreement between the City of Bristol and Local 754 of which Suchinski is a

member and was an officer.  The plaintiff claims lost wages and other monetary

damages, attorney's fees and costs, and statutory damages.

The plaintiff has a grievance pending before the State of Connecticut Department of Labor, Board of Mediation and Arbitration, alleging a breach of the collective bargaining agreement between his local union and the City of Bristol.

The Defendants deny that they discriminated against the Plaintiff on the basis of his age by removing him from his positions as narcotics detective.  Moreover, the Defendants deny that the Plaintiff's alleged removal from his position was done in violation of his constitutionally protected rights of free speech and association from his activities as a union advocate.  The Defendants claim that under the Personnel Rules of the City of Bristol, Management retains the prerogative and right to assign department personnel at the discretion of the City of Bristol. Moreover, no Police Department personnel holds a right to remain indefinitely in any assignment.

The decision to reassign the Plaintiff was based on legitimate, non-discriminatory reasons, including but not limited to, complaints from other officers that the Plaintiff was not working hard enough; that he was antagonistic and uncooperative; that the Plaintiff could not work well with other employees; and that the Plaintiff was generating the lowest investigation activity of the four detectives in the Narcotics Unit.  Further, the defendants assert the following

defenses to the complaint, among others, that the defendants are entitled to the

same-actor inference because the same individual who assigned the Plaintiff to the

Narcotics Unit also made the decision to reassign the Plaintiff; that the Plaintiff

has failed to exhaust his administrative remedies under the collective bargaining

agreement; that some or all of the Plaintiff's claims are barred by the statue of

limitations for failure to timely file his grievance and/or pursue his administrative

remedies; that the Plaintiff has failed to mitigate his damages; that the Defendants

are entitled to qualified immunity; and that the Plaintiff was not subject to

discipline or discharge required for a claim under Conn. Gen. Stat. § 31-51q.

2.    Issues of Fact in Dispute: At issue is whether the defendants removed Suchinski

from his position as a narcotics officer because of Suchinski's age, or union

activities, or both, or rather whether that removal was done for legitimate,

non-discriminatory reasons.

Issues of Law in Dispute: At issue is whether the defendants' removal of

Suchinski from the position of narcotics detective was for legitimate

non-discriminatory reasons, or rather for the alleged retaliatory and discriminatory

reasons raised by the plaintiff.  An initial legal issue to be decided is whether the

plaintiff has raised the elements necessary to present a prima facie case of

discrimination and retaliation.

3.      Discovery Status: To date, no discovery has been taken, although extensive testimony has been received at the underlying CHRO proceeding.  The parties will need 180 days to schedule and take all necessary depositions.  The parties will request a modification of the scheduling order in order to facilitate the taking of necessary depositions.  The parties request that they be allowed until September 15, 2004 to complete all needed discovery.

4.      Assignment of the matter to a pretrial settlement conference before a Magistrate Judge may help resolve this matter and the grievance now pending at the Board of Mediation and Arbitration.

**B.**    **SETTLEMENT**

1.      The parties certify that they have made good faith efforts to settle the matter since the issuance of the Order to file a Status Report by this Court.

2.      The parties have not had a settlement conference on this matter.

3.      The parties believe that a settlement conference would be beneficial at this time.

**C.**    **TRIAL PREPARATION**

1.      The parties believe that the case will be ready for trial 120 days after completion of discovery, and 60 days after the filing of any dispositive motions.

2.      The parties do not anticipate any additional preparation.

3.      The defendants must file a response to the Complaint.

THE PLAINTIFF,
BRIAN SUCHINSKI

THE DEFENDANTS,
CITY OF BRISTOL, AND
JOHN DIVENIRE


_____
    Eric R. Brown
    Fed. Bar No. ct13519
    Secor, Cassidy & McPartland
    41 Church Street
    Waterbury, CT 06702
    (203) 757-9261

_____
    James M. Sconzo, Esq.
    Fed. Bar No. ct04571 and
    Kevin R. Brady, Esq.
    Fed. Bar No. ct22135 of
    HALLORAN & SAGE, LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103